The judgment of the court was pronounced by
Slidell, J.
The plaintiff claims from the heirs of Cameau a sum of $3000¶ in usufruct under a will of the deceased. In their original answer, the defendants pleaded a general denial, and also pleaded as follows: “ They specially *566 deny any rights to the plaintiff in and by virtue of the pretended 'will set up in her petition, which they say is not a valid will, and can give to the plaintiff no right whatever. "Wherefore they pray that the will may be declared null and void,” &c. The cause being brought to trial, and the plaintiff having closed her testimony, the defendants offered witnesses to prove that the formalities required by law were not fulfilled by the notary in making the will of the deceased. To this testimony the plaintiff' objected, on the ground that all the formalities required by law appeared, from an inspection of the will, to have been complied with, and that there was no other issue made by the pleadings than whether or not the will was good and valid on its face, and whether in its enunciations of form it complied with the requirements of the law. There is a second ground of objection stated in the bill which need not be noticed, it not being relied upon by counsel here. Thereupon, the defendants tendered an amendment of their answer, in which they set forth that the will was not dictated in the presence of the subscribing witnesses, although upon its face it seemed so to have been done, and that other formalities which seemed to have been, on the face of. the will, complied with, were in fact omitted. To the filing of this amended answer the plaintiff objected, that it came too late, the plaintiff having closed his testimony, and that it changed the issue and set up new matters of defence. But the district judge being of opinion that the validity of the will was already in issue by the pleadings, and the effects of the amendment was only to notify more specifically the grounds of objection relied upon by the defendants, permitted the defendants thus to amend. The bill concludes as follows: “The court, at the same time, allowed the plaintiff time to prepare for the trial, and the case was postponed until the following day, when the parties proceeded to trial.”
"We do not deem it necessary to express an opinion, whether, under a rigorous construction of the previous pleadings, the testimony offered was admissible. But we are satisfied that this was not such an exercise of the large discretion in such matters vested in district judges, as this court, on appeal, should refuse to sanction, and thus shut out the investigation of truth. It is proper that this court should be more reluctant to reverse the opinion of a district judge where he has allowed an amendment, than when he has refused it. The former is much less likely to do injustice than the latter. In the present case, it cannot be said that the plaintiff was taken by surprise, and unprepared. The court postponed the cause to the following day; and the plaintiff then proceeded to trial, without any application for a further postponement.
Upon the merits, we concur in opinion with the district judge. The code prescribes the following formalities for a nuncupative will by public act, art. 1573 ; “The nuncupative testaments by public act must be received by a notary public in presence of three witnesses residing in the place where the will is executed,, or of five witnesses not residing in the place. This testament must be dictated by the testator, and written by the notary as it is dictated. It must then be read to the testator in presence of the witnesses.” Express mention is made of the whole, observing that all those formalities must be fulfilled at one time, without interruption, and without turning aside to other acts.
Thus we see that the law requires, in a will of this kind, that the testator should dictate, as well as hear and subscribe the will.
The will was made before the recorder of the parish of Lafayette, in which-the cause was tried, and three witnesses residing in that parish, R. M. Stevens, P. Landry fils, and J. M. Melangon. Landry testifies that he saw the recorder write, he being seated. Witness did not hear the testator speak a woid *567 to the recorder. “Witness states also that the testator did not dictate any thing to the recorder in his presence. Cameau was present and seated in his bed when the will was read, and was not too ill to be able to pay attention to what was going on, and believes the testator heard the reading of the will. Melanpon says he was sent for to sign the will, and when he arrived found the recorder at the foot of Cameau's bed in the act of writing; did not hear the testator dictate any thing to the recorder; did not dictate any thing to the recorder in his (witness) presence; heard him read aloud the will to the testator, and thinks from the language of the testator he knew what was going on around him. Stevens testified that not a word was dictated to the recorder by the testator in his presence.
It is clear, therefore, that under the article of the code, the will is invalid. The point was also so held in Langley’s Heirs v. Langley’s Executors, 12 L. R. 117, and in Knight v. Smith, 3 M. R. 167. The latter case was under the Code of 1808, which is similar in this respect to the Code of 1825.
Judgment affirmed, with costs.